UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VLADIMIR GUSINSKY, TRUSTEE, FOR THE
VLADIMIR GUSINSKY LIVING TRUST,
Individually and on Behalf of All Others
Similarly Situated,

                Plaintiff,

                    v.

BARCLAYS PLC, et al.,

                Defendants.

------------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

12 Civ. 5329 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

I.    INTRODUCTION

       Plaintiffs bring this putative class action against Barclays PLC, Barclays Bank PLC, and Barclays Capital Inc., (collectively, "Barclays"), and John Varley, Robert Diamond, Christopher Lucas, and Marcus Agius ("Individual Defendants" and, together with Barclays, "Defendants"). The putative class consists of all persons and entities who purchased American Depositary Shares ("ADSs") of Barclays PLC between July 10, 2007 and June 27, 2012, inclusive, and were allegedly damaged thereby. Plaintiffs assert violations of: (1) Section

10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder against all defendants; and (2) Section 20(a) of the Exchange Act against the Individual Defendants.

On May 13, 2013, I granted Defendants' motion to dismiss the Second Amended Complaint ("SAC") in its entirety on the grounds that: (1) Plaintiffs failed to allege that Barclays' generic statements about its business practices were actionable misstatements; (2) Plaintiffs did not plausibly allege that Barclays' contingent disclosures were materially misleading; and (3) assuming that Barclays' LIBOR submissions were actionable misrepresentations, Plaintiffs did not adequately allege that these statements, which occurred prior to 2009, caused Plaintiffs' losses in 2012.[1] Because I held that Plaintiffs did not adequately allege a primary violation of Section 10(b), I also dismissed the Section 20(a) claims for control person liability.[2] I denied leave to amend on the ground that amendment

---

[1] *See* 5/13/13 Opinion and Order ("MTD Op.") at 16-25 [Dkt. No. 73]. Because I dismissed on the grounds outlined above, I did not address Defendants' claims that Plaintiffs failed to plead facts giving rise to a strong inference of scienter and that many of the alleged misstatements are not actionable because they are protected by the safe harbor provision in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), or the bespeaks caution doctrine. *See* Defendants' Memorandum of Law in Support of Their Motion to Dismiss the SAC at 2-3 [Dkt. No. 62]. Nor did I consider whether loss causation was established with respect to the business practices statements or contingent disclosures.

[2] *See* MTD Op. at 28.

would be futile, particularly in light of the fact that Plaintiffs were placed on notice of all the perceived deficiencies in their Complaint and given the opportunity to amend, and still had not plausibly alleged that Defendants' fraud caused their losses.[3] Plaintiffs now move under Local Rule 6.3 for reconsideration of the denial of leave to amend.[4] For the reasons set forth below, Plaintiffs' motion is denied.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.[5] A motion for reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[6] A motion

---

[3] *See id.* at 29.

[4] *See* Memorandum of Law in Support of Lead Plaintiffs' Motion for Partial Reconsideration of the Court's MTD Op. ("Pl. Mem.") [Dkt. No. 76].

[5] *See Patterson v. U.S.*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[6] *Jowers v. Family Dollar Stores, Inc.*, 455 Fed. App'x 100, 101 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"[7]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[8] Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[9] Such motions should not be made reflexively to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[10] A motion for

---

[7] *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[8] *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[9] *U.S. v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (citation and quotation marks omitted). *Accord Shrader*, 70 F.3d at 257 (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided").

[10] *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[11] nor is it a substitute for appeal.[12]

### B. Leave to Amend

Whether to permit a plaintiff to amend its complaint is a matter committed to a court's "sound discretion."[13] Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint,"[14] particularly when a complaint is dismissed for failure to plead fraud with adequate specificity under Rule 9(b).[15] Leave to amend should be denied, however, where the proposed amendment would be futile.[16]

---

[11] *Associated Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[12] *See Grand Crossing*, 2008 WL 4525400, at *3.

[13] *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

[14] *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).

[15] *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007).

[16] *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002).

## III. DISCUSSION[17]

Plaintiffs have not cited any new facts, intervening change in law or possibility of manifest injustice that meets the standard for reconsideration of the Court's dismissal and denial of leave to amend. Plaintiffs argue that the Court recognized the falsity of LIBOR submissions and statements regarding LIBOR, and that "[w]ith respect to certain statements that the Court found were not actionable, the [Proposed Third Amended Complaint ("PTAC")] now includes further allegations demonstrating the falsity of those statements."[18] Specifically, Plaintiffs argue, the PTAC *now* alleges that statements regarding Barclays' legal compliance were false because "the violation of law alleged here was (i) 'at the direction of members of senior management'; and (ii) was *material* to the Company and to a reasonable investor since it exposed the Company to substantial financial loss and reputational harm.'"[19] In addition, Plaintiffs argue that the

---

[17] The background to this motion is set forth in the Motion to Dismiss Opinion.

[18] Pl. Mem. at 1.

[19] *Id.* at 2. For example, the PTAC emphasizes that "Libor was a prominent area of Barclays' operations (it was one of only five banks that served as a member of all ten Libor bank panels)" and thus, "Barclays knew that, despite its representations regarding operational risk and that it had established controls in place for categories of risk that were relevant to its Libor Submission process, its Libor Submission process lacked controls and was an area of significant vulnerability and great known risk for the Company." PTAC ¶ 77, 84. In addition,

PTAC adequately pleads loss causation "based, in part, on an analysis provided to Plaintiffs by an economics expert on loss causation."[20]

These arguments are unavailing. While it is true that the mandate to "freely give leave [to amend] when justice so requires" is "to be heeded,"[21] I determined that it was just to deny such leave where Plaintiffs already had detailed notice of the deficiencies in their Complaint when they first amended – and such notice was given for the specific purpose of avoiding a second round of amendment.[22] Plaintiffs cite no reason why they could not have raised the

---

Plaintiffs emphasize that "[t]he manipulation of the Libor submission process was known to senior managers of Barclays" and that "Barclays understood the effect of Libor submissions on the public's perception of the Company." *Id.* ¶ 91. They re-emphasize the statement that Barclays' business "may not be conducted in accordance with applicable laws around the world" and argue that this statement "created a duty to speak fully and truthfully regarding Barclays' legal compliance and to disclose that it was engaging in knowingly illegal conduct." *Id.* ¶¶ 94-95.

[20] Pl. Mem. at 2. The sole arguably novel fact emphasized in the PTAC regarding loss causation is the statement in the DOJ Statement of Facts regarding "Barclays Accountability," which stated that "due to the [Libor] misconduct, Barclays . . . has been exposed to substantial financial risk, and *as a result of the penalties imposed* . . . has suffered actual financial loss. PTAC ¶ 175. If anything, this merely confirms that the losses resulted not from a corrective disclosure of prior misrepresentations or revelation of a concealed risk but from the disclosure of the penalties and negative press generally.

[21] *Foman v. Davis*, 371 U.S. 172, 182 (1962).

[22] *See* MTD Op. at 29 ("In this case, however, Plaintiffs received notice of the deficiencies in their First Amended Complaint at a pre-motion conference on January 10, 2013, and in a follow up letter of January 16, 2013, and were given,

allegedly new facts in their SAC, and indeed it is questionable whether Plaintiffs seek to add any materially different facts from those set forth in the SAC. Moreover, to the extent that any new facts are alleged, they do not bring to light new legal arguments, or render plausible the arguments this Court already considered and found lacking. This is a quintessential attempt to reargue "'those issues already considered when a party does not like the way the original motion was resolved,'"[23] and to "mak[e] new arguments that could have been previously advanced,"[24] neither of which are proper bases for reconsideration.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is denied. The Clerk of the Court is directed to close this motion (Docket No. 75) and this case.

---

and took, the opportunity to amend again.") (citing 1/10/13 Transcript ("I am assuming it will be a better motion and I won't need to grant leave to amend. You could have anticipated everything he is saying. I don't need to do this thing twice.").

[23] *Makas*, 2008 WL 2139131, at *1 (quoting *In re Houbigant, Inc.*, 914 F. Supp. at 1001).

[24] *Associated Press*, 395 F. Supp. 2d at 19.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:  New York, New York
        June 12, 2013

-Appearances-

**For Plaintiffs:**

David Avi Rosenfeld, Esq.
Samuel Howard Rudman, Esq.
Christopher Michael Barrett, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

Gregory Mark Nespole, Esq.
Robert B. Weintraub, Esq.
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4689

**For Defendants:**

Jonathan D. Schiller, Esq.
James Meadows, Esq.
Boies Schiller & Flexner LLP
575 Lexington Avenue
New York, NY 10022
(212) 446-2300

Michael Brille, Esq.
Boies Schiller & Flexner LLP
5301 Wisconsin Avenue NW
Washington, D.C. 20015
(202) 237-2727

David H. Braff, Esq.
Jeffrey T. Scott, Esq.
Matthew S. Fitzwater, Esq.
Matthew J. Porpora, Esq.

Sullivan & Cromwell LLP
125 Broad St.
New York, NY 10004
(212) 558-4000

Andrew J. Levander, Esq.
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500

Cheryl A. Krause, Esq.
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000