UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ———————————————— x | | |
| CARPENTERS PENSION TRUST FUND OF | : | Civil Action No. 1:12-cv-05329-SAS |
| ST. LOUIS, et al., Individually and on Behalf | : | |
| of All Others Similarly Situated, | : | CLASS ACTION |
| | : | |
| Plaintiffs, | : | STIPULATION OF SETTLEMENT |
| | : | |
| vs. | : | |
| | : | |
| BARCLAYS PLC, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| ———————————————— x | | |

1093537_1

This Stipulation of Settlement dated as of November 24, 2015 (the "Stipulation"), is made and entered into by and among: (i) Class Representatives Carpenters Pension Trust Fund of St. Louis and St. Clair Shores Police & Fire Retirement System (collectively, the "Class Representatives") (on behalf of themselves and each of the Class Members), by and through their counsel of record in the Litigation; and (ii) Defendants Barclays PLC, Barclays Bank PLC, Barclays Capital Inc. (collectively, "Barclays"), Marcus Agius, Robert Diamond, Jr. and John Varley (together with Barclays, "Defendants"), by and through their counsel of record in the Litigation.[1]  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.  THE LITIGATION

This is a federal securities class action on behalf of a Class.  For purposes of this Settlement only, the Class is defined in §IV.1 herein.  Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence or support for certification of a litigation class, and the Settling Parties intend that the provisions herein concerning certification of the Class shall have no effect whatsoever in the event that the Settlement does not become Final.

### A.  Commencement of the Litigation and Appointment of the Class Representatives

The Litigation is pending before the Honorable Shira A. Scheindlin in the United States District Court for the Southern District of New York.  An initial complaint was filed by Vladimir Gusinsky on July 10, 2012.  The Class Representatives were jointly appointed lead plaintiffs on October 2, 2012.  The Class Representatives filed an amended complaint on November 27, 2012.  At

---

[1]    All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

the Court's direction, counsel for the Settling Parties exchanged letters regarding the amended complaint, and the Class Representatives then filed the operative Second Amended Complaint ("Complaint") on January 31, 2013.

**B.      The Court's Order of Dismissal and the Class Representatives' Appeal**

Defendants moved to dismiss the Complaint, and the motion was fully briefed as of April 22, 2013.  On May 13, 2013, Judge Scheindlin dismissed the Complaint for, among other reasons, failure to adequately allege loss causation.  *See Gusinsky v. Barclays PLC*, 944 F. Supp. 2d 279, 292 (S.D.N.Y. 2013).  Judge Scheindlin reasoned that, because the Class Representatives did not plead that allegedly fraudulent submissions continued after 2009 and through the purported corrective disclosure in June 2012, the Class Representatives did not adequately plead loss causation.  *Id.* Judge Scheindlin explained, in pertinent part, that "[t]he notion that the market would fail to digest three years of non-fraudulent Submission Rates and other more detailed financial information, and would instead leave intact artificial inflation as a result of fraudulent Submission Rates during the financial crises is implausible and runs afoul of the Second Circuit's admonition against loss causation based on 'attenuated' connections."  *Id.*

The Class Representatives appealed this ruling.  On April 25, 2014, the Second Circuit vacated, in part, the dismissal and remanded for further proceedings.  *See Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 750 F.3d 227 (2d Cir. 2014).

**C.      Post-Appeal Litigation and Discovery**

After the Litigation was remanded, Defendants renewed their motion to dismiss, this time contesting scienter.  The Court denied this motion on October 20, 2014.  On November 26, 2014, Defendants filed their Answer to the Complaint.

- 2 -

The Settling Parties attended the Fed. R. Civ. P. 16 initial conference on October 30, 2014, and, on November 10, 2014, the Court entered a scheduling order (the "Scheduling Order") setting forth deadlines for class certification, fact discovery, and expert discovery, among other things. Thereafter, the Settling Parties engaged in extensive discovery.

On November 20, 2014, the Class Representatives served Defendants with their First Request for the Production of Documents and First Set of Interrogatories, and Defendants served the Class Representatives with their First Request for the Production of Documents and First Set of Interrogatories. On that same date, the Settling Parties also exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). On December 22, 2014, the Settling Parties each served upon the other their objections and responses to the document requests and interrogatories that had been served on November 20, 2014. Beginning on January 9, 2015, the Class Representatives and Defendants produced documents pursuant to each other's requests.

The Class Representatives served a subpoena pursuant to Fed. R. Civ. P. 30(b)(6) upon Barclays on March 16, 2015. On May 15, 2015, and June 11, 2015, the Class Representatives deposed two representatives of Barclays who provided testimony regarding several of the topics listed in the 30(b)(6) subpoena. The Class Representatives also issued third party subpoenas in the U.S. seeking the testimony of former Barclays employees. In addition, during August and September 2015, the Class Representatives obtained Orders for Examination in the U.K. pursuant to the Hague Convention for purposes of seeking sworn testimony from 14 current and former Barclays employees allegedly located in the U.K. On September 8, 2015, Barclays served subpoenas pursuant to Fed. R. Civ. P. 30(b)(6) upon the Class Representatives and plaintiff Pompano Beach Police & Firefighters' Retirement System.

By September 2015, the Settling Parties were seeking upwards of approximately 24 depositions and examinations to take place in the U.S. and U.K., between September 23, 2015, and the October 30, 2015 deadline for the completion of fact discovery set forth in the Scheduling Order, as amended on August 13, 2015.

**D.     The Class Representatives' Motion for Certification of a Litigation Class and Defendants' Petition for Appeal**

On April 17, 2015, the Class Representatives moved the Court to certify the Litigation as a class action, and appoint themselves as class representatives and their counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), as class counsel.  Defendants opposed this motion, and also moved to exclude the Class Representatives' expert on market efficiency ("*Daubert* Motion"). The Class Representatives' class certification motion was fully briefed as of June 26, 2015, Defendants' *Daubert* Motion was fully briefed as of July 9, 2015, and the Court held an evidentiary hearing and oral argument in connection with the motions on July 15 and 16, 2015.  On August 20, 2015, the Court issued its Order: (i) granting the Class Representatives' motion and certifying the Litigation as a class action, appointing the Class Representatives, and appointing Robbins Geller as class counsel; and (ii) denying Defendants' *Daubert* Motion.

On September 3, 2015, Defendants filed a petition pursuant to Fed. R. Civ. P. 23(f) seeking review of the August 20, 2015 Order granting the Class Representatives' motion for class certification.  The Class Representatives opposed this petition on September 16, 2015.  The petition remains pending.

      **E.**      **Settlement Negotiations**

In late August and September 2015, the Settling Parties discussed and met periodically in an effort to resolve the Litigation.  After extended negotiations following a September 10, 2015 mediation held before the Honorable John S. Martin (Ret.), on September 17, 2015, with the continual assistance of Judge Martin, the Settling Parties executed a Memorandum of Understanding setting forth their agreement in principle to settle the Litigation (the "MOU"). Subsequently, the Settling Parties continued negotiations resulting in the terms and conditions set forth in this Stipulation.

**II.**      **CLASS REPRESENTATIVES' CLAIMS AND THE BENEFITS OF SETTLEMENT**

The Class Representatives believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  However, the Class Representatives and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals.  The Class Representatives and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation.  The Class Representatives and their counsel also are mindful of the inherent problems of proof to prosecute, and of possible defenses to, the securities law violations asserted in the Litigation.  The Class Representatives and their counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class.  Based on their evaluation, the Class Representatives and their counsel have determined that the Settlement set forth in the Stipulation is in the best interests of the Class Representatives and the Class.

III.    **DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

Defendants have denied, and continue to deny, that they have committed any act or omission giving rise to any liability or violation of the law.  Specifically, Defendants have denied, and continue to deny, each and all of the claims and contentions alleged by the Class Representatives in the Litigation, along with all of the charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation.  Defendants further have denied, and continue to deny, that the Class Representatives suffered any damage or were harmed by the conduct alleged in the Litigation.  Defendants have asserted, and continue to assert, that their conduct was at all times proper and in compliance with all applicable provisions of law.  In addition, Defendants maintain that they have meritorious defenses to all of the claims alleged in the Litigation.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants are entering into this Stipulation solely to eliminate the burden and expense of further litigation.  Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

IV.    **TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Class Representatives (for themselves and on behalf of the Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and

- 6 -

the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

1.      **Definitions**

As used in the Stipulation and its Exhibits, the following terms shall have the meanings specified below.  Terms used in the singular shall be deemed to include the plural and vice versa.

1.1      "Authorized Claimant" means any Class Member whose claim for recovery is allowed pursuant to the terms of the Stipulation.

1.2      "Barclays" means Barclays PLC, Barclays Bank PLC, and Barclays Capital Inc.

1.3      "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.4      "Class" means all Persons who purchased or otherwise acquired American Depositary Shares ("ADSs") of Barclays PLC during the Class Period.  Excluded from the Class are Defendants, members of the immediate families of each of the Individual Defendants, any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Class are those Persons who are found by the Court to have timely and validly requested exclusion from the Class.

1.5      "Class Member" means any Person who falls within the definition of the Class as set forth in ¶1.4 above.

1.6      "Class Period" means the period between July 10, 2007 and June 27, 2012, inclusive.

1.7      "Class Representatives" means Carpenters Pension Trust Fund of St. Louis and St. Clair Shores Police & Fire Retirement System.

- 7 -

1.8     "Court" means the United States District Court for the Southern District of New York.

1.9     "Defendants" means Barclays and the Individual Defendants.

1.10     "Defendants' Claims" means any and all claims and causes of action of every nature and description (including Unknown Claims) whether arising under federal, state, common or foreign law, that have been or could have been asserted in the Litigation or any forum by the Released Persons or any of them against the Class Representatives, the Class Members, and the Class Representatives' counsel, including Lead Counsel, which arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation.  "Defendants' Claims" do not include claims to enforce this Stipulation or any order of the Court in the Litigation.

1.11     "Effective Date," or the date upon which this Settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶7.1 herein have been met and have occurred.

1.12     "Escrow Account" means the escrow account described in ¶2.1 herein.

1.13     "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor.

1.14     "Fee and Expense Application" means the application(s) for an award of attorneys' fees and expenses to the Class Representatives' counsel described in ¶6.1 herein.

1.15     "Fee and Expense Award" means the award of attorneys' fees and expenses to the Class Representatives' counsel described in ¶5.2 herein.

1.16     "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file any motion to alter or amend the Judgment under Federal Rule of Civil Procedure

- 8 -

59(e) without any such motion having been filed; (ii) the expiration of the time to appeal from the Judgment without any such appeal having been filed; and (iii) if a motion to alter or amend is filed, or if an appeal is filed, immediately after the determination of that motion or appeal so that the Judgment is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal, or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with the approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of the Class Representatives' counsel's attorneys' fees and expenses, payments to the Class Representatives for their expenses, the Plan of Allocation of the Settlement Fund, or the procedures for determining Authorized Claimants' recognized claims.

1.17    "Individual Defendants" means Marcus Agius, Robert Diamond, Jr., and John Varley.

1.18    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.19    "Lead Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor.

1.20    "Litigation" means the action captioned *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, Civil Action No. 1:12-cv-05329-SAS (S.D.N.Y.).

1.21    "Net Settlement Fund" means the net settlement fund described in ¶5.2 herein.

1.22    "Notice" means the notice described in ¶3.1 herein.

1.23    "Notice and Administration Expenses" means the costs and expenses described in ¶2.8 herein.

- 9 -

1.24    "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.25    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.26    "Preliminary Approval Order" means the order described in ¶3.1 herein.

1.27    "Related Parties" means each of a Defendant's respective former, present or future parents, subsidiaries, divisions and affiliates, and the respective employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, and insurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives and assigns of each of them, in their capacity as such.

1.28    "Released Claims" means any and all claims and causes of action of every nature and description (including Unknown Claims) whether arising under federal, state, common or foreign law, whether class or individual in nature, that the Class Representatives or any Class Member asserted or could have asserted in the Litigation or any forum, which arise out of or relate to both (i) Barclays' ADSs, and (ii) any disclosures, public filings, registration statements or other statements by Barclays or any Defendant in the Litigation based upon or arising out of any facts, matters, allegations,

- 10 -

transactions, events, disclosures, statements, acts or omissions which have been or could have been asserted by any Class Member in the Litigation.  "Released Claims" do not include claims to enforce this Stipulation.

1.29    "Released Persons" means each and all of Defendants and each and all of their Related Parties.

1.30    "Settlement" means the settlement of the Litigation as set forth in this Stipulation.

1.31    "Settlement Amount" means Fourteen Million United States Dollars (US$14,000,000.00) in cash to be paid to the Escrow Agent pursuant to ¶2.1 of this Stipulation.

1.32    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

1.33    "Settlement Hearing" means the hearing required by Federal Rule of Civil Procedure 23(e), at which time the Settling Parties will request that the Court approve the fairness, reasonableness and adequacy of the proposed Settlement embodied by this Stipulation and enter the Judgment.  Lead Counsel will also request that the Court approve the Plan of Allocation and the Fee and Expense Application.

1.34    "Settling Parties" means, collectively, each of Defendants and the Class Representatives on behalf of themselves and each of the Class Members.

1.35    "Supplemental Agreement" means the supplemental agreement between the Settling Parties described in ¶7.3 herein.

1.36    "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority and arising with respect to the income earned by the Settlement Fund as described in ¶2.9.

1093537_1

1.37    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶2.9 herein.

1.38    "Unknown Claims" means (i) any Released Claims which the Class Representatives or any Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement or seek exclusion from the Class; and (ii) any Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Class Representatives, the Class Members and the Class Representatives' counsel, which, if known by him, her or it might have affected his, her or its settlement with and release of the Class Representatives, the Class Members and the Class Representatives' counsel, or might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Class Representatives and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representatives and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or

- 12 -

principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  The Class Representatives, Defendants and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims or Defendants' Claims, but the Class Representatives shall expressly, fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, and Defendants shall expressly, fully, finally, and forever settle and release any and all Defendants' Claims, in each case known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which these releases are a part.

## 2. The Settlement

### a. The Settlement Amount

2.1    The Settlement Amount shall be deposited into an interest-bearing escrow account ("Escrow Account") controlled by Lead Counsel serving as Escrow Agent on or before fifteen (15) calendar days after the later of: (i) the entry of the Preliminary Approval Order, as defined in ¶3.1 herein, and (ii) provision to Defendants of all information necessary to effectuate a transfer of funds,

- 13 -

including the bank name and ABA routing number, account name and number, and a signed W-9 reflecting the taxpayer identification number for the Settlement Fund.

2.2    Barclays shall pay the Settlement Amount on behalf of all Defendants. Such amount is paid as consideration for full and complete settlement of all the Released Claims. In the event that the entire Settlement Amount is not funded when due, the Class Representatives shall have the right to terminate the Settlement.

2.3    Other than the obligation of Barclays to pay or cause to be paid the Settlement Amount into the Settlement Fund, Defendants shall have no obligation to make any other payment into the Settlement Fund pursuant to this Stipulation.

**b.    The Escrow Agent**

2.4    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 herein in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.5    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.6    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are

- 14 -

consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.7      All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

2.8      Without further order of the Court, the Settlement Fund may be used by the Escrow Agent to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting Class claims, assisting with the submission of Class claims, processing Proofs of Claim and Releases, administering and distributing the Net Settlement Fund to Authorized Claimants, paying Taxes and Tax Expenses, and paying escrow fees and costs, if any ("Notice and Administration Expenses").  The Released Persons shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility for or liability whatsoever for any claims with respect thereto.  Notwithstanding the foregoing, Barclays shall be responsible for the costs and expenses of providing to Lead Counsel and/or the Claims Administrator pertinent transfer records for purposes of mailing notice to the Class.

### c.      Taxes

2.9      (a)      The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.9, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the

- 15 -

procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.9(a) herein) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.9(c) herein.

(c)     All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.9) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no responsibility or liability whatsoever for Taxes or Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by

- 16 -

reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.9.

### d.      Termination of Settlement

2.10      In the event that the Stipulation is not approved, the Stipulation is terminated or canceled, or the Effective Date otherwise fails for any reason to occur, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from counsel for Defendants in accordance with ¶7.4(a) herein.

### 3.      Preliminary Approval Order and Settlement Hearing

3.1      Promptly after execution of the Stipulation, the Class Representatives shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, certification of the Class for settlement purposes, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.

The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 herein, and the date of the Settlement Hearing, as defined below.

3.2    Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and finally approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Application, and the Class Representatives' request for payment of time and for their expenses, if any.

## 4.    Releases

4.1    Upon the Effective Date, the Class Representatives shall, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release or shares in the Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

4.2    The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3    Upon the Effective Date, all Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting the Released Claims against any of the Released Persons.

- 18 -

4.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Class Representatives, each and all of the Class Members, and Class Representatives' counsel, including Lead Counsel, from all Defendants' Claims.  Claims to enforce the terms of this Stipulation or any order of the Court in the Litigation are not released.

**5.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     To pay all the Notice and Administration Expenses described in ¶2.8 herein;

(b)     To pay the Taxes and Tax Expenses described in ¶2.9 herein;

(c)     To pay attorneys' fees and expenses of counsel for the Class Representatives (the "Fee and Expense Award"), and to pay the Class Representatives for their time and expenses, if and to the extent allowed by the Court; and

(d)     After the Effective Date, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

- 19 -

1093537_1

(a)     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

(b)     All Proofs of Claim and Releases must be submitted within ninety (90) calendar days after the mailing of the Notice or such other time as may be set by the Court.  Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but shall in all other respects be subject to and bound by the provisions of the Stipulation and the Settlement, including the terms of the Judgment and the releases provided for therein and herein, and will be barred and enjoined from bringing any action against the Released Persons concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  Lead Counsel shall have no liability for not accepting late-submitted claims.

5.4     Persons who otherwise would be Class Members but desire to be excluded from the Settlement shall be required to provide a written statement that the Person wishes to be excluded from the Class for receipt by the Claims Administrator within sixty (60) calendar days after the mailing of the Notice or such other time as may be set by the Court.  Unless otherwise ordered by the Court, any Person who is a Class Member and who does not submit a timely and valid request for exclusion from the Class shall be bound by this Stipulation.  Copies of all requests for exclusion

- 20 -

received, and copies of all written revocations of requests for exclusion received, shall be sent to counsel for Defendants and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in any event not less than fourteen (14) calendar days prior to the Settlement Hearing.

5.5     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization selected by Lead Counsel.  This is not a claims-made settlement.  There will be no reversion to Defendants.

5.6     Except for Barclays' obligation to pay or cause payment of the Settlement Amount into the Settlement Fund as set forth herein, Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Class claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against Defendants, their Related Parties, or counsel for Defendants with respect to the matters set forth in ¶¶5.1-5.8 herein; and the Class Members, Class Representatives, and Class Representatives' counsel, including Lead Counsel, release Defendants and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

- 21 -

5.7     No Person shall have any claim against Defendants or their Related Parties, counsel for Defendants, the Class Representatives, Lead Counsel, the Claims Administrator or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.8     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth therein.

**6.     The Class Representatives' Counsel's Attorneys' Fees and Expenses**

6.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") to the Court for distributions from the Settlement Fund for: (i) an award of attorneys' fees; plus (ii) expenses or charges in connection with prosecuting the Litigation; plus (iii) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  The Class Representatives may also submit an application for an award for their time and expenses in connection with the prosecution of the Litigation.  Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order

- 22 -

awarding such fees and expenses, notwithstanding the existence of any objections thereto or potential for appeal therefrom.  Lead Counsel may thereafter allocate the attorneys' fees among Class Representatives' other counsel, if any, in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3     In the event that the Effective Date fails for any reason to occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, and such other Class Representatives' counsel who have received any portion of the Fee and Expense Award, shall, within fifteen (15) calendar days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, be severally and jointly obligated to refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund, plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination.  Each such Class Representatives' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by any Class Representatives' counsel for attorneys' fees and expenses, or the time and expenses of the Class Representatives, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the

Stipulation, and any order or proceeding relating to the Fee and Expense Application, or the Class Representatives' time and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth therein.

6.5    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to Lead Counsel, Class Representatives' other counsel, the Class Representatives, or any other counsel or Person who receives payment from the Settlement Fund.

6.6    Defendants and their Related Parties shall have no responsibility or liability whatsoever for the allocation among Lead Counsel, Class Representatives' other counsel, or any other counsel or Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    The Court has entered the Preliminary Approval Order, as required by ¶3.1 herein;

(b)    The Settlement Amount has been deposited into the Escrow Account;

(c)    Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 herein;

(d)    The Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

- 24 -

(e)     The Judgment has become Final, as defined in ¶1.16 herein.

7.2     Upon the Effective Date, any and all remaining interest or right of Defendants or Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 herein are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 herein, unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

7.3     Defendants shall have the unilateral right to terminate the Settlement in the event that Class Members who or which, pursuant to timely and valid requests for exclusion from the Class, meet the conditions set forth in a confidential supplemental agreement ("Supplemental Agreement") between the Settling Parties.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless and until the Court otherwise directs or a dispute arises between the Settling Parties concerning its interpretation or application.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal.

7.4     In the event that the Stipulation is not approved, the Stipulation is terminated or canceled, or the Effective Date otherwise fails for any reason to occur, then:

(a)     Within fifteen (15) calendar days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less any expenses which have either been disbursed pursuant to ¶¶2.8 or 2.9 herein, or are chargeable to the Settlement Fund pursuant to ¶¶2.8 or 2.9 herein, shall be

- 25 -

refunded by the Escrow Agent to Barclays pursuant to written instructions from Defendants' counsel.  The Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds to Barclays, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' counsel;

(b)    Neither the Class Representatives nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.8 or 2.9 herein, and any expenses already incurred pursuant to ¶¶2.8 or 2.9 herein, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.10 and 7.4(a) herein;

(c)    The Settling Parties shall revert to their respective positions in the Litigation as of September 17, 2015; and

(d)    The terms and provisions of the Stipulation, with the exception of this ¶7.4(d) and ¶¶1.1-1.38, 2.8-2.10, 6.3, and 8.3-8.6 herein, shall have no further force and effect with respect to the Settling Parties and shall not be enforceable, or used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court, or modification or reversal on appeal of any order of the Court, concerning the Plan of Allocation, or the amount of any attorneys' fees, expenses, and interest awarded by the Court to any of the Class Representatives' counsel or the Class Representatives, shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

1093537_1

8.    **Miscellaneous Provisions**

8.1    The Settling Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Class Representatives and Defendants agree that all counsel have complied with Federal Rule of Civil Procedure 11.  The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made by any of the Settling Parties in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3    Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or their respective Related Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of

- 27 -

Defendants or their respective Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) is or may be deemed to be or may be used as an admission, or evidence, that any claim asserted by the Class Representatives was not valid in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4     To the extent that Defendants determine to provide notice under the provisions of the Class Action Fairness Act of 2005, 28 U.S.C. §1715, Defendants alone shall bear that expense, as well as the responsibility of providing such notice.

8.5     Except as otherwise provided for herein, all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.6     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.7     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.8     The Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto.  No representations, warranties or inducements have been made to any party concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

8.9     Except as otherwise provided for herein, each Settling Party shall bear his, her, or its own costs.

8.10    Lead Counsel, on behalf of the Class, are expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.11    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.12    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or e-mail shall be deemed originals.

8.13    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

8.14    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

8.15    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto.

8.16    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation and matters related to the Settlement.

1093537_1

8.17    Pending approval of the Court of the Stipulation and its Exhibits, other than by agreement of the Settling Parties, all proceedings in this Litigation shall be stayed and the Class Representatives and all Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

8.18    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.

8.19    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

1093537_1

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated November 24, 2015.

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MICHAEL G. CAPECI


_____
     DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
mcapeci@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
JEFFREY D. LIGHT
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
jeffl@rgrdlaw.com

*Lead Counsel for the Class Representatives and the Class*

SAXENA WHITE P.A.
MAYA SAXENA
JOSEPH E. WHITE
LESTER R. HOOKER
5200 Town Center Circle, Suite 601
Boca Raton, FL  33486
Telephone:  561/394-3399
561/394-3382 (fax)
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

*Additional Counsel for the Class Representatives*

- 32 -

SULLIVAN & CROMWELL LLP
DAVID H. BRAFF
JEFFREY T. SCOTT
MATTHEW J. PORPORA

_____

DAVID H. BRAFF

125 Broad Street
New York, NY  10004-2498
Telephone:  212/558-4000
212/558-3588 (fax)
braffd@sullcrom.com
scottj@sullcrom.com
porporam@sullcrom.com

BOIES, SCHILLER & FLEXNER LLP
JONATHAN D. SCHILLER
MICHAEL BRILLE

_____

JONATHAN D. SCHILLER

575 Lexington Avenue, 7th Floor
New York, NY  10022
Telephone:  212/446-2388
212/446-2350 (fax)
jschiller@bsfllp.com

5301 Wisconsin Avenue NW
Washington, D.C.  20015
Telephone:  202/237-2727
202/237-6131 (fax)
mbrille@bsfllp.com

*Counsel for Barclays, Marcus Agius and
John Varley*

1093537_1

DECHERT LLP
ANDREW J. LEVANDER
JEFFREY A. BROWN

JEFFREY A. BROWN

1095 Avenue of the Americas
New York, NY  10036-6797
Telephone:  212/698-3500
212/698-3599 (fax)
andrew.levander@dechert.com
jeffrey.brown@dechert.com

*Counsel for Robert Diamond, Jr.*

- 34 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 24, 2015, I caused the foregoing Stipulation of Settlement to be served electronically on all ECF participants.

s/ David A. Rosenfeld
_____
DAVID A. ROSENFELD