```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

──────────────────────────────── x
CARPENTERS PENSION TRUST FUND OF : Civil Action No. 1:12-cv-05329-SAS
ST. LOUIS, et al., Individually and on Behalf :
of All Others Similarly Situated, : CLASS ACTION
:
                    Plaintiffs, : [PROPOSED] ORDER AWARDING
: ATTORNEYS' FEES AND EXPENSES
        vs. :
:
BARCLAYS PLC, et al., :
:
                    Defendants. :
──────────────────────────────── x

1122952_1

This matter having come before the Court on March 14, 2016, on Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses ("Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this class action (the "Litigation") to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement filed with the Court and the Memorandum of Law in Support of the Fee Motion submitted in support thereof. *See* Dkt. Nos. 198, 205.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3. Notice of Lead Counsel's Fee Motion was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, 15 U.S.C. §78u-4(a)(7), the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Lead Counsel attorneys' fees of 30% of the Settlement Fund (or $4.2 million), plus expenses in the amount of $1,096,678.27, together with the interest earned on such amounts for the same time period and at the same rate as that earned on those amounts. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

5. The fees and expenses shall be allocated among Class Representatives' other counsel in a manner which, in Lead Counsel's good-faith judgment, reflects the contributions of such counsel to the prosecution and settlement of the Litigation.

6. The awarded attorneys' fees and expenses shall be paid immediately to Lead Counsel subject to the terms, conditions, and obligations of the Stipulation of Settlement.

7. In making the award to Lead Counsel of attorneys' fees and litigation expenses to be paid from the recovery, the Court has considered and found that:

(a) The Settlement has created a common fund of $14 million in cash and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by the efforts of Lead Counsel;

(b) The requested attorneys' fees and payment of litigation expenses have been approved as fair and reasonable by the Class Representatives;

(c) Notice was disseminated to putative Class Members stating that Lead Counsel would be moving for attorneys' fees of 30% of the Settlement Fund and payment of litigation expenses in an amount not to exceed $1.2 million, plus interest earned on both amounts;

(d) There were no objections to the requested attorneys' fees and payment of litigation expenses;

(e) Lead Counsel has expended substantial time and effort pursuing the Litigation on behalf of the Class;

(f) Lead Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee award has been contingent on the result achieved;

(g) The Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

- 2 -

1122952_1

(h) Lead Counsel conducted the Litigation and achieved the Settlement with skillful and diligent advocacy;

(i) Public policy concerns favor the award of reasonable attorneys' fees in securities class action litigation;

(j) The amount of attorneys' fees awarded are fair and reasonable and consistent with awards in similar cases within the Second Circuit; and

(k) Class Representatives' counsel devoted 13,816.10 hours, with a lodestar value of $6,087,951.25 to achieve the Settlement.

8. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: March 14, 2016

THE HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

- 3 -

1122952_1